## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2012

No. 11-50821

Lyle W. Cayce
Clerk

ALEJANDRO HERNANDEZ

Plaintiff - Appellant

v.

THE CITY OF EL PASO

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CV-222

Before KING, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

This action is before our court for the second time. *See Hernandez v. Terrones*, 397 F. App'x 954 (5th Cir. 2010) (*Hernandez I*). Alejandro Hernandez now contests, *pro se,* the summary judgment awarded the City of El Paso following our first opinion. Proceeding under 42 U.S.C. § 1983, he claims due-process violations. He fails, however, to brief part of the test for municipal liability. *E.g., Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658 (1978). AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50821

I.

Hernandez was arrested in 1994 for murder.  The arrest followed an investigation in which Hernandez asserts the City's police department ignored evidence of a more likely suspect, intimidated witnesses into identifying Hernandez as the perpetrator, and fabricated evidence implicating him.  Convicted in Texas state court and sentenced to 99-years imprisonment, he received habeas relief in 2006.  The district attorney dismissed all charges against him.

Hernandez filed this action against the investigating officers and City.  After the district court partially denied the officers' summary-judgment motion (based on qualified-immunity), they pursued an interlocutory appeal.  In *Hernandez I*, our court rendered judgment for the officers, holding Hernandez had not met his burden of showing a constitutional injury to overcome the officers' qualified-immunity defense. 397 F. App'x at 968-74.

Accordingly, the City moved in district court for summary judgment against Hernandez' *Monell* claim, asserting our court's awarding qualified-immunity to the officers meant Hernandez had no claim against the City.  The district court held:  pursuant to *Hernandez I*, because the officers' qualified-immunity was based on lack of constitutional violation, the City was entitled to summary judgment.

II.

A summary judgment is reviewed *de novo*.  *E.g.*, *Burge v. Parish of St. Tammany*, 187 F.3d 452, 464 (5th Cir. 1999).  Summary judgment is awarded if the record demonstrates no genuine dispute of any material fact, and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a).  All inferences of fact are drawn in the light most favorable to the non-movant. *Burge*, 187 F.3d at 465.

No. 11-50821

A plaintiff under § 1983 seeking damages from a local government must meet the well-known, two-prong test provided in *Monell*:  constitutional injury at the hands of the local government's employees or agents; and injury resulting from execution of the government's policy or custom, "whether made by its lawmakers or by those whose edicts and acts may fairly be said to represent official policy".  *Monell*, 436 U.S. at 694; *see also Burge*, 187 F.3d at 468.

Although *pro se* litigants, like Hernandez,  are entitled to leeway in our construction of their briefs, they must still brief contentions in order to preserve them.  *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (quotation omitted). Hernandez fails to contend any City policy or custom caused his injury. Therefore, he has abandoned his *Monell* claim, *id.* at 224-25, the only issue on appeal.

### III.

For the foregoing reasons, the judgment is AFFIRMED.